IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 2:21-cr-348-ECM |
| | ) |
| GERALD LITTLE | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Gerald Little's unopposed motion to continue trial (doc. 24) filed on July 21, 2022. Jury selection and trial are presently set on the term of court commencing on August 29, 2022. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents that additional time is necessary to investigate and prepare for trial which will include locating witnesses and consulting with expert witnesses. The United States does not oppose a continuance. Thus, the Court concludes that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant in a speedy trial. Although the Defendant requests a continuance until November 2022, the Court will set this matter on her next criminal trial in October 2022. Accordingly, for good cause, it is

ORDERED that the motion to continue (doc. 24) is GRANTED to the extent that jury selection and trial are CONTINUED from August 29, 2022, to the criminal term of court set to commence on October 17, 2022, at 10:00 a.m. in Montgomery, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the October trial term.

Done this 22nd day of July, 2022.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE