IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:21-cr-348-ECM-JTA |
| | ) | |
| GERALD LITTLE | ) | |

## **GOVERNMENT'S RESPONSE TO**
## **DEFENDANT'S MOTION IN LIMINE**

The United States of America respectfully responds to Defendant's Motion in Limine.

Doc. 50. In that motion, Defendant agrees to stipulate that he was a convicted felon and that he

knew he was a convicted felon on the date when the allegations in this case occurred. *Id.* ¶ 2. He

asks the Court to order the government not to refer to the underlying charges of which he has

been convicted, or the pending charges in Lowndes County. *Id.*

The parties have agreed to present the following stipulation to the jury:

The parties stipulate and agree that before June 26, 2021, the defendant, Gerald
Little, had been convicted of a felony, that is, a crime punishable by imprisonment
for more than one year. On June 26, 2021, Mr. Little knew that he had been
convicted of a felony.

This stipulation conclusively establishes two elements of the offense—that Defendant was a

convicted felon, and that Defendant knew he was a felon at the time he allegedly possessed

ammunition. Accordingly, the government agrees that further details about Defendant's prior

felony convictions would not be necessary to establish those elements, and therefore it will not

seek to introduce them for that purpose. The government reserves the right to introduce such

information for other purposes if it becomes necessary, such as for impeachment.

Defendant further asks that the Court order the government not to reference the pending

charges in Lowndes County. The government does not intend to solicit testimony regarding the fact that the state has brought charges against Defendant arising out of the same course of conduct underlying this case. This applies only to the fact of the state charges, not the underlying conduct. For example, eyewitness testimony relevant to proving the state's murder charge is relevant in the instant case as well, because Defendant allegedly possessed ammunition in the course of shooting multiple people.

To summarize, the government agrees that it will not introduce evidence about the underlying felony convictions for the purpose of proving the elements established by the stipulation, and the government will not elicit testimony regarding the fact that the state has also brought charges arising out of the conduct underlying this case.

Respectfully submitted this the 27th day of February, 2023.

SANDRA J. STEWART
UNITED STATES ATTORNEY

*/s/ Stephen Moulton*
STEPHEN K. MOULTON
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: Stephen.moulton@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:21-cr-348-ECM-JTA |
| | ) | |
| GERALD LITTLE | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

attorneys of record.

Respectfully submitted,

*/s/ Stephen Moulton*
STEPHEN K. MOULTON
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: Stephen.moulton@usdoj.gov

3